[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12530
Non-Argument Calendar

_____

D. C. Docket No. 05-00334-CR-WTM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRAHEEN TIMOTHY EARL WHITFIELD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(November 28, 2006)**

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Braheen Timothy Earl Whitfield appeals his sentence of 262 months of

imprisonment imposed after Whitfield pleaded guilty to being a felon in possession

of a firearm. 18 U.S.C. § 922(g). Whitfield argues that the district court violated the Sixth Amendment when it made factual findings in connection with Whitfield's sentence and imposed an unreasonable sentence. We affirm.

## I. BACKGROUND

In October 2005, Whitfield, Kareem Abdul Salaam, and a minor female, were apprehended after a high-speed chase during which they traveled in a stolen 2005 Toyota Camry. Officers found in the Camry the tag from another stolen vehicle and two firearms. Whitfield and Salaam, both convicted felons, were indicted by a federal grand jury for possession of a stolen motor vehicle, 18 U.S.C. § 2313, and being a felon in possession of a firearm, 18 U.S.C. § 922(g). Whitfield pleaded guilty to the firearm charge, and the government dismissed the stolen motor vehicle charge.

The probation officer set Whitfield's base offense level at 24 because Whitfield was in possession of a firearm after having at least two violent or drug related felony convictions. U.S.S.G. § 2k2.1(a)(2). The probation officer added four levels under section 2k2.1(b)(5) because Whitfield possessed the firearm in connection with a carjacking. The probation officer then added a two-level increase because Whitfield attempted to escape while in custody and a two-level enhancement because of the high-speed chase before Salaam and Whitfield were

2

apprehended for a total offense level of 32. Because Whitfield was an armed career criminal and that offense level exceeded the calculated offense level, the probation officer set Whitfield's offense level at 34. With a criminal history category of VI, the resulting guideline range was 262 to 327 months of imprisonment. The probation officer denied Whitfield a reduction for acceptance of responsibility because Whitfield denied involvement in the carjacking and because of Whitfield's escape attempt.

Whitfield filed objections to the report of the probation officer. Specifically, Whitfield objected to the denial of a reduction for acceptance of responsibility, the four-level enhancement for possession of a firearm in connection with the carjacking, and the two-level enhancement for obstruction of justice.

After considering Whitfield's objections, the district court adopted the guideline calculations of the probation officer except for the enhancement for the high-speed chase because Whitfield was not driving the vehicle. The district court expressly adopted the findings of the probation officer with respect to Whitfield's objections. The district court sentenced Whitfield to 262 months of imprisonment.

## II. STANDARD OF REVIEW

We review the application of the sentencing guidelines by the district court de novo and review findings of fact for clear error. United States v. Crawford, 407

F.3d 1174, 1177-78 (11th Cir. 2005). We review sentences for reasonableness. United States v. Williams, 435 F.3d 1350, 1353 (11th Cir. 2006). Review for reasonableness is deferential, United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005), and "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id.

### III. DISCUSSION

Whitfield makes two main arguments on appeal. First, Whitfield argues that the district court violated his rights under the Sixth Amendment when it enhanced his sentence using judicially found facts. Second, Whitfield argues that his sentence is unreasonable. Both arguments fail.

Whitfield's first argument is based on a misapprehension of law. After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), a district court does not err when it makes findings of fact at sentencing. United States v. Chau, 426 F.3d 1318, 1324 (11th Cir. 2005). Whitfield's Sixth Amendment rights were not violated when the district court made enhancements to his sentence or denied him a reduction based on factual findings made at sentencing.

Whitfield's second argument is belied by the record. Whitfield argues that the district court failed to rule on his objections to the presentence investigation report, the sentence does not accurately reflect the gravity of his crime, and the

4

district court failed to take into account the mitigating evidence of Whitfield's bipolar disorder and drug use. The transcript of the sentencing proceeding reflects that the district court ruled on Whitfield's objections when it expressly adopted the response of the probation officer to those objections; the district court stated that it had considered the mitigating evidence, which was presented at sentencing; and the district court stated several reasons why the sentence, which was at the low-end of the guideline range, was appropriate. In the light of this record, Whitfield has failed to establish that his sentence is unreasonable.

## IV. CONCLUSION

Whitfield's sentence is

**AFFIRMED.**